Filed 8/17/22  P. v. Santoyo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL SANTOYO,<br><br>    Defendant and Appellant. | 2d Crim. No. B313334<br>(Super. Ct. No. 2008012962)<br>(Ventura County) |

Manuel Santoyo appeals the denial of a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence under former Penal Code section 1170, subdivision (d)(1).[1]  Appellant contends the trial court abused its discretion by failing to allow him to submit additional information relevant to the recall decision.  The Attorney General agrees.  We reverse and remand with directions.

---

1 All further statutory references are to the Penal Code.

## Factual and Procedural History

In October 2010, appellant pled guilty to one count of attempted murder with the personal use of a firearm. (§§ 664/187, subd. (a).) He was sentenced to 19 years in state prison.

In December 2020, the Secretary of the CDCR sent a letter to the trial court recommending it recall and reconsider appellant's sentence on the basis that he was at "particularly high risk" of serious medical complications if he contracted COVID-19. The letter also stated that appellant's case warranted further review because he had served the base term of his sentence and recent statutory amendments made the firearm component of his sentence discretionary rather than mandatory.

In a written order dated April 2, 2021, the trial court rejected the Secretary's request for recall and resentencing. The trial court stated it had reviewed the court file, the cumulative case summary attached to the CDCR letter, the probation and sentencing report and the written motions filed in the case. The trial court acknowledged the health risk cited by the CDCR but explained, "[t]his was an egregious and violent" crime. The victim had his back to appellant when appellant, without provocation, pressed a loaded .38 revolver into the victim's ribs and threatened to kill him. The victim and appellant struggled as appellant repeatedly tried to pull the trigger of the gun. The "only reason the victim was not shot was that [his] finger was caught between the [hammer] and the gun."

The trial court concluded it was "not of the opinion that circumstances of the crime or the postconviction factors outlined in the Department's cumulative case summary mitigate the circumstances to such a degree as to conclude it would be in the interest of justice to recall and reduce [appellant's] sentence."

2

On March 23, 2021, prior to the trial court's order denying recall, counsel for appellant filed a notice of appearance and request for case management conference, which included a request to submit briefing and additional information relevant to the Secretary's recommendation. The trial court did not consider those filings before it issued the denial of recall order. The trial court subsequently denied the request for case management conference.

Appellant's counsel filed a motion for reconsideration citing *People v. McCallum* (2020) 55 Cal.App.5th 202 (*McCallum*), and again asked for the opportunity to provide additional information relevant to the Secretary's recall and resentencing recommendation.

In a written order, the trial court denied the motion for reconsideration. The trial court explained that it did not receive counsel's notice of appearance and request for case management until nearly two months after it had declined to recall appellant's sentence and had notified CDCR of its decision. Nonetheless, the trial court did not believe recall was warranted under *McCallum* because *McCallum* was "fact specific."

The trial court also reasoned that "great strides" had been made in preventing further spread of the Covid-19 virus, such as providing inmates with vaccine priority. Accordingly, there was no longer an "'urgent need'" to reduce the prison population as expressed in the CDCR's December 2020 recommendation letter.

## Discussion

Appellant contends the trial court abused its discretion when it rejected the Secretary's recall recommendation without providing appellant notice or the opportunity to submit additional information relevant to the recommendation.

3

Former section 1170, subdivision (d)(1) was originally enacted as "'an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.'" (*McCallum*, *supra*, 55 Cal.App.5th at p. 210, quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) Among other things, it was intended to provide a mechanism for recalling a defendant's sentence and resentencing him "'at any time upon the recommendation of the secretary'" or other specified parties. (*McCallum*, at p. 210.)

"In deciding whether to recall a sentence under [former] section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.'" (*McCallum*, *supra*, 55 Cal.App.5th at p. 210, quoting *Dix*, *supra*, 53 Cal.3d at p. 456.) We review the trial court's decision not to recall an inmate's sentence for abuse of discretion. (*McCallum*, at p. 211.)

Former section 1170, subdivision (d)(1) did not impose any specific procedural requirements and was silent as to whether a trial court must provide notice or a hearing or appoint counsel before ruling on a recommendation from the Secretary. (*McCallum*, *supra*, 55 Cal.App.5th at p. 212; *Dix*, *supra*, 53 Cal.3d at p. 459.) Numerous recent cases have concluded that a recommendation by the Secretary of the CDCR does not trigger "'any right to the recommended relief'" and there is "'no constitutional right to counsel or a hearing . . . .'" (*People v. Mendez* (2021) 69 Cal.App.5th 347, 354 (*Mendez*); *McCallum*, at p. 216; *People v. Frazier* (2020) 55 Cal.App.5th 858.)

However, those cases have also concluded that "in light of an inmate's 'substantial right to liberty implicated by the secretary's recommendation to recall [the] sentence,'" a trial court

4

abuses its discretion when it rejects the Secretary's recommendation without providing the parties an "opportunity to present briefing and additional information relevant to the recommendation." (*Mendez*, *supra*, 69 Cal.App.5th at pp. 352-355, citing *McCallum*, *supra*, 55 Cal.App.5th at p. 206, 218-219; *People v. Williams* (2021) 65 Cal.App.5th 828, 833.)

Accordingly, we agree with the parties that reversal is required here to permit appellant to provide additional information relevant to the Secretary's recall recommendation. We need not resolve appellant's due process contention that the Secretary's recall recommendation required formal notice, a point which the Attorney General expressly does not concede.

*Section 1170.03*

During the pendency of this appeal, the Legislature enacted, and the Governor signed Assembly Bill No. 1540 (2021-2022 Reg. Sess.) into law, which subsequently became effective on January 1, 2022. (Stats. 2021, ch. 719, § 3.1.) Assembly Bill No. 1540 created a new section 1170.03 that includes the recall and resentencing provision of former section 1170, subdivision (d)(1) and added several requirements to the process.

Most significantly, section 1170.03 provides that, where the Secretary submits a resentencing request, "[t]he court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request." (*Id.*, subd. (b)(1).) In addition, the new provision requires that if a resentencing request is from the Secretary of the CDCR, as in the instant case, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety . . . ." (*Id.*, subd. (b)(2).)

5

On remand, the newly enacted procedural requirements of section 1170.03 will apply to the trial court's reconsideration of the recall request.

## DISPOSITION

The order denying the Secretary of the California Department of Corrections and Rehabilitation's recommendation to recall appellant's sentence is reversed. The matter is remanded to the trial court with directions to allow the parties to submit information relevant to the Secretary's recommendation. Upon receipt of this information, the trial court shall exercise its discretion to determine whether to recall and resentence appellant consistent with the pertinent provisions of section 1170.03.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

Patricia M. Murphy, Judge
Superior Court County of Ventura

_____

Milena Blake, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.